*146 Justice Thomas,
concurring in part, dissenting in part, and concurring in the judgment in part.
When a law regulates the internal order of ships, Congress must clearly express its intent to apply the law to foreign-flag ships. Ante, at 130-132 (plurality opinion); post, at 149-150 (Scalia, J., dissenting). I agree with Justice Scalia that this rule applies to any structural changes to a ship that Title III of the Americans with Disabilities Act of 1990 (ADA) might require, for such changes to a ship’s physical structure pertain to its internal affairs. Post, at 151 (dissenting opinion); see ante, at 134-135 (plurality opinion). I further agree with JUSTICE Scalia that this clear statement rule applies once the possibility, rather than the certainty, of international discord arises; and that the clear statement rule therefore does not require or permit the kind of express conflicts-of-law analysis that the plurality demands. Post, at 153-155 (dissenting opinion); ante, at 135-136 (majority opinion), 137 (plurality opinion). Moreover, I do not think that courts should (as the plurality permits) employ the rule selectively, applying it when “prudent” but declining to apply it when “appropriate.” Ante, at 137 (plurality opinion); see also post, at 158, n. 8 (Scalia, J., dissenting); Small v. United States, 544 U. S. 385, 405 (2005) (Thomas, J., dissenting) (“Whatever the utility of canons as guides to congressional intent, they are useless when modified in ways that Congress could never have imagined”). For those reasons, I join Part I-A of Justice Scalia’s dissent. While I conclude that the rule applies to certain aspects of Title III, I agree with the plurality that it does not require an “all-or-nothing approach.” Ante, at 139. Consequently, those applications of Title III that do not pertain to internal affairs apply to foreign-flag vessels. For that reason, I join Part III-A of the plurality opinion.
I reach this result, however, only because I continue to reject the “lowest common denominator” principle the Court articulated for the first time in Clark v. Martinez, 543 U. S. *147 371 (2005). See id., at 395-397 (Thomas, J., dissenting). The plurality, by contrast, accepts Clark. Moreover, it claims that applying Title III of the ADA to matters that are not within the realm of a ship’s internal order is consistent with Clark. The plurality’s efforts to distinguish Clark are implausible.
The plurality says that today’s case differs from Clark because it invokes a clear statement rule to interpret unambiguous text. According to the plurality, Clark concerned the application of a previously adopted limiting construction of ambiguous text, which this Court imposed to ameliorate unrelated constitutional doubts. Ante, at 140-141. As an initial matter, however, the statute at issue in Zadvydas v. Davis, 533 U. S. 678 (2001), and Clark was not ambiguous. Clark, supra, at 402-403 (Thomas, J., dissenting). Even assuming for the sake of argument that it was ambiguous, the distinction the plurality draws has no basis in Clark. In Clark, this Court addressed the period of detention 8 U. S. C. § 1231(a)(6) authorized for inadmissible aliens. This was a question left open by Zadvydas, supra, which had addressed the period of detention under the same statute but with respect to a different class of aliens — those who had been admitted into the country. In Zadvydas, this Court had concluded that the possibility of indefinite detention of admitted aliens raised significant constitutional doubts and, in light of those doubts, it limited the Attorney General’s power to detain admitted aliens. 533 U. S., at 689-690, 699. Section 1231(a)(6) does not distinguish between the two classes of aliens. Thus, this Court in Clark concluded it was compelled to apply that same construction, which was warranted only by the specific constitutional concerns arising for admitted aliens, to the unadmitted aliens before it. 543 U. S., at 378. Clark’s conclusion stemmed from the narrowing construction adopted in Zadvydas, not the type of rule or canon that gave rise to that construction. 543 U. S., at 377-378.
*148 The plurality’s reasoning cannot be squared with Clark’s “lowest common denominator” principle. Under Clark, “[t]he lowest common denominator, as it were, must govern.” Id., at 380. Just as in Zadvydas and Clark, this Court is called upon to interpret the same statutory text with respect to two different classes of cases — those that implicate the internal affairs of a vessel and those that do not. And just like the statute at issue in Zadvydas and Clark, Title III “applies without differentiation” to the internal and external affairs of foreign-flag vessels, as well as the internal and external affairs of domestic-flag ships. 543 U. S., at 378. Thus, the limiting construction of Title Ill’s definitions excluding foreign cruise ships from those definitions must govern all applications of the statute, not just those applications that pertain to internal affairs. According to Clark, the Court may not narrow Title III on a case-by-case basis, depending on whether a particular application of Title III interferes with a ship’s internal order. In fact, it may not apply Title III to any ship or, for that matter, any entity at all, because Title III does not distinguish between any of the covered entities. This demonstrates why the principle Clark established is flawed.
Today’s decision, then, cabins the Clark principle to apply only when the canon of constitutional avoidance is invoked to choose among ambiguous readings of a statute. But even here Clark will continue to make mischief. As I explained in Clark, the lowest common denominator principle requires courts to search out a single hypothetical constitutionally doubtful case to limit a statute’s terms in the wholly different case actually before the court, lest the court fail to adopt a reading of the statute that reflects the lowest common denominator. Id., at 400 (dissenting opinion). This requires a reverse-Salerno analysis that upends our facial challenge requirements. See Clark, supra, at 381-382; see also United States v. Salerno, 481 U. S. 739, 745 (1987) (for a facial challenge to succeed, there must be no circumstance in which *149 the statute is constitutional). For this and other reasons I have explained, the Clark analysis allows much havoc to be wrought from the canon of constitutional avoidance. See Clark, supra, at 395-401 (dissenting opinion).
In sum, I believe that Title III of the ADA, insofar as it requires structural changes, lacks a sufficiently clear statement that it applies to the internal affairs of foreign vessels. In my view the clear statement rule does not render Title III entirely inapplicable to foreign vessels; instead, Title III applies to foreign ships only to the extent to which it does not bear on their internal affairs. I therefore would remand for consideration of those Title III claims that do not pertain to the structure of the ship. Accordingly, I concur in Part III-A of the plurality opinion, join Part I-A of Justice Scalia’s dissent, and concur in the judgment in part.